HARRY J. HATCH v. INEZ B. HATCH ET AL.

Decided April 2, 1904.

**1.—Life Insurance—Beneficiary Must Have Insurable Interest in Life of Insured.**

The beneficiary named in a life insurance policy, · or an assignee thereof, must have an insurable interest in the life of the insured, and when such interest ceases, then interest in the policy terminates.

**2.—Same—Divorced Wife—Endowment Policy.**

A wife's interest in a policy on her husband's life ceases upon obtaining a decree of divorce, regardless of whether or not it was his fault that caused the divorce; and that the policy contained an endowment feature does not affect the matter, nor entitle the wife to the surrender value of the policy at the date of the divorce.

**3.—Same—Wife as Creditor—Lien.**

A creditor has an insurable interest in the life of the debtor, but only to the extent of the indebtedness. The wife having paid certain premiums on the policy out of her separate estate, was entitled, upon the divorce, to a lien on the policy for the amount of the premiums so paid.

**4.—Same—General Creditor Has No Lien on Policy.**

A moneyed judgment against the husband in the wife's favor in the divorce suit, rendered on matters in no way connected with or pertaining to the policy in her favor on the husband's life, gave her no right in or lien upon the policy as a creditor of the husband.

**5.—Same—Insurer Entitled to Cost and Attorney Fees.**

Where a husband assigned an endowment policy on his life to his wife, and was afterwards divorced from her, and brought suit on the policy against the insurance company, joining the wife, and the company answered that it was ready to comply with the contract of insurance as soon as it was properly determined who was the owner of the policy, it was entitled to recover its cost and attorney fees in the case and have the same made a lien on the policy.

Appeal from the District Court of Bowie. Tried below before Hon. J. M. Talbot.

*Todd & Armistead,* for appellant.

*Maurice E. Locke* and *Hodges & Moore,* for appellees.

RAINEY, CHIEF JUSTICE.—On January 11, 1889, the Penn Mutual Life Insurance Company, in consideration of certain annual premiums, issued to Harry J. Hatch a policy of insurance by the terms of which it promised to pay to said Hatch, his executors, administrators or assigns, $10,000 on the 6th day of December, 1918 (any indebtedness to the company on account of said contract to be first deducted therefrom) ; or in the event of said Hatch's death before that time, said amount to be paid to Mary J. Hatch, his mother, if she survived him, otherwise to his administrators, executors or assigns. The said policy also stipulated, "The company will, while this policy is in force by payment of premiums, loan upon it as collateral security, after three years premiums have been paid thereon, an amount as per thirty-year endowment table printed on the back hereof," which amount for fifteen years was $2250, according to said table. At the date of the issuance of said policy said Harry J. Hatch was unmarried, but thereafter, on August 28, 1889, he married

defendant; Inez B. Hatch. On June 30, 1890, Harry J. and Mary J. Hatch executed in duplicate an absolute assignment of all their right, title and interest whatever of and in the said policy of insurance to Inez B. Hatch. One copy of said assignment was then delivered to said Inez B. Hatch and the other to said insurance company. On October 1, 1902, Harry J. and Inez B. Hatch were divorced by a decree of the District Court of Bowie County, Texas.

On February 16, 1903, Mary J. Hatch, a feme sole, and Harry J. Hatch brought this suit against the Penn Mutual Life Insurance Company and Inez B. Hatch, alleging that all premiums on said policy had been paid; that they had made application for a loan of $2000 on said policy in accordance with the terms of same, which application has been declined and refused by said company for the reason that Inez B. Hatch, the divorced wife of Harry J. Hatch, owned or claimed some interest in said policy and she had warned said company not to recognize plaintiffs or either of them as the owner of said policy; that said Inez B. Hatch has no interest in same, and her interest therein ceased when the decree of divorce was rendered.

Plaintiffs pray that Inez B. Hatch be adjudged not to have any interest in said policy, and that they have a writ of mandamus commanding said company to comply with its obligation to make a loan to plaintiffs of $2000, or in default thereof for judgment for $2000 as damages for breach of contract, etc.

Inez B. Hatch answered by general and special demurrers, general denial, and specially that after her marriage plaintiffs, on June 30, 1890, in writing assigned to her all their title and interest in said policy, and she ever since had owned same in her own separate right; that said company after said assignment recognized her as the owner; that said assignment was delivered into her possession and so remained until a short time before the divorce, when Harry J. Hatch obtained possession of said policy and said assignment and refuses to return same to her; that she, out of her own separate means, had paid three premiums on said policy, amounting in the aggregate to $752.80; that Harry J. Hatch brought suit against her for divorce, in which she filed a cross-bill and judgment of divorce was rendered in her favor on account of wrongs done to her by him, and that in good conscience said divorce should not affect her right to said policy; that in said divorce suit she recovered a judgment against said Harry J. Hatch for $1024.50, which is still subsisting, and she is a creditor of said Harry J. Hatch to the amount of same; that at the time of said divorce said policy had a surrender value of $2380, and has a present cash surrender value of about $2500, which was a vested right in her to that extent. She prays for affirmative relief; that she be decreed to be the owner of said policy, its earnings and benefits, and to quiet her title therein, and that same be decreed to be an asset of her separate estate as of date of the decree of divorce, and that the possession of said policy and assignment be surrendered to her, and prays in the alternative that if the

divorce affects her right to future earnings, etc., she be protected in her vested rights acquired in said policy before said decree and to protect her rights therein by reason of being a creditor of the insured.

The insurance company answered, in effect admitting the issuance of the policy as alleged; that Inez B. Hatch claimed an interest in the policy, and in response to plaintiffs' application for a loan it was refused unless Inez B. Hatch either released her interest or joined in the assignment; that it was ready, willing and able to comply with its contract to the true owner; that it was not acting in collusion with any of the parties, was ignorant of the merits of either of their respective claims, and asked that plaintiffs and Inez B. Hatch be required to interplead, and that the court adjust their respective rights so it may be protected in performing its contract, and also that it be allowed reasonable counsel fees in this behalf incurred, and to charge the same as a first lien upon said policy, and for general relief.

Plaintiffs by supplemental petition alleged that in the decree of divorce the property rights of Inez B. Hatch were adjudicated and said decree was res adjudicata as to her claim to said policy, etc.

Inez B. Hatch, in answer to said supplemental petition, plead that the matters here in issue were not in issue in said divorce proceedings and could not have been properly in issue, as same was her separate property, etc.

On a trial before the court without a jury judgment was rendered that plaintiff take nothing of defendant, and that defendant recover costs and attorney's fees; that Inez B. Hatch's insurable interest ceased by reason of the decree of divorce, but that up to that time she had acquired a vested right in the policy to the extent of its surrender value, and as both Harry J. Hatch and Inez B. Hatch had an interest in said policy, directed the same to be placed in the hands of W. R. Grim, as trustee, to hold the same for their use and benefit. Plaintiffs appeal, and Inez B. Hatch files a cross-assignment of errors.

It is contended by appellant that upon the divorce of Inez B. Hatch from Harry J. Hatch her insurable interest in the life of said Harry J. Hatch ceased and thereby her interest in the insurance policy terminated, while appellee Inez B. Hatch contends that the policy having been assigned to her during her marriage relation with the said Harry J. Hatch and same containing an endowment feature, she became vested with the sole ownership and entitled to the benefits thereof.

Whatever may be the rule prevailing in other jurisdictions the rule in this State is that the beneficiary named in the policy, or an assignee thereof, to be entitled to hold an interest therein must have an insurable interest in the life of the insured, and when such insurable interest ceases then interest in the policy terminates. Cheeves v. Anders, 87 Texas, 287. A creditor has an insurable interest in the life of his debtor, but only to the extent of the indebtedness. If the amount of the policy exceeds the amount of the indebtedness plus the amount he expends to preserve the policy with interest thereon, as to

the excess he is only trustee for those entitled to receive it. Cheeves v. Anders, supra.

A wife's interest in a policy on her husband's life ceases upon obtaining a decree of divorce, and it is immaterial whether or not it was his fault that caused the divorce. Schonfield v. Turner, 75 Texas, 324. When the decree of divorce was rendered the insurable interest of Inez B. Hatch in the life of Harry J. Hatch ceased and her rights in the policy terminated, except in so far as she had paid premiums. The endowment feature of the policy we do not think affects the question. In Mayher v. Insurance Co., 87 Texas, 169, it is held that no distinction is to be drawn between this character of policy and that of one running for life. Inez B. Hatch, after the divorce, had no interest in the continuance of the life of Harry J. Hatch, but did have an interest in his death, provided she still remained owner of the policy, and this our decisions hold to be against public policy. Under the terms of the policy the endowment was not payable if the insured lived until 1918, and the burden of paying annual premiums existed, and it would be to her interest that his death occur at the earliest period, and the same reason applies if she should be entitled to the surrender value of the policy as adjudged by the trial court.

The only consideration for the assignment of the policy to Inez B. Hatch was the fact that she was the wife of Harry J. Hatch, and when that relation ceased she ought not in law or equity to be entitled to hold the policy, especially as against Mary J. Hatch, except to the extent of premiums paid by her. While holding the policy she paid the following premiums: $250 in 1890, $251.40 in 1896, and $251 in 1901, for which she is entitled to judgment with 6 per cent interest from the dates the respective amounts were paid, and is entitled to a lien on the policy to secure the payment of same.

The trial court rightfully held that the judgment in the divorce proceedings was not res adjudicata of her rights asserted here. The policy had been assigned to her, and she had the right to hold the same until said amounts were paid to her. This matter was not in issue in the divorce proceeding, nor was it adjudicated in said proceeding. Nor did the court err in holding that the judgment in the divorce proceeding in her favor for a certain amount, the same still subsisting, gave her any [no] right in or lien upon the policy. The moneyed judgment was on account of matters in no way connected with or pertaining to said policy.

The court erred in holding that Inez B. Hatch had an interest in the policy to the extent of $2380, surrender value of the policy, and in appointing a receiver to hold said policy for the benefit of the parties. We think under the circumstances the insurance company should be treated as a mere stakeholder, and entitled to its costs and attorney's fees.

Inez B. Hatch being entitled to a lien on the policy for premiums paid, plaintiffs are not entitled to recover of the insurance company

unless her claim is satisfied, or she consents to the loan as stipulated in the policy.

The judgment will be reversed and rendered as follows: Inez B. Hatch to recover the amount of premiums paid by her, with interest as above stated, with a lien on said policy, which policy is to be delivered into her possession as security for same, and to be surrendered by her upon the payment to her of her said lien. The defendant insurance company to recover $250 attorney's fees, and costs, to be a lien on the policy, subject to the lien of said Inez B. Hatch, and that plaintiffs take nothing and pay the costs.

*Reformed and rendered.*

### ON REHEARING.

The judgment of this court heretofore rendered is reformed so as to allow Harry J. Hatch the possession of the policy upon the payment of the liens thereon, and as he has reduced the judgment of the lower court he is entitled to the costs of this appeal, and same are taxed against Inez B. Hatch. As to the insurance company the judgment is reformed so that a first lien on the policy is given it for the payment of its attorney's fees.

The motion of Inez B. Hatch for rehearing is overruled.

*Ordered accordingly.*

Writ of error refused.