UNITED BENEVOLENT ASS'N OF TEXAS
v. LAWSON et al.   (No. 338.)

(Court of Civil Appeals of Texas.· ' El Paso.
April 23, 1914.  Rehearing Denied
May 14, 1914.)

1. APPEAL AND ERROR (§ 742*)—BRIEFS—AS-
SIGNMENTS OF ERROR—PROPOSITIONS.

Under Court of Civil Appeals Rule 30
(142 S. W. xiii), requiring that each point
under each assignment of error shall be stated
as a proposition unless the assignment itself
sufficiently discloses the same, assignments that
the verdict is contrary to law and that the
verdict and judgment are not supported by the
evidence fail to show wherein the verdict and
judgment are so defective, and, not being pre-
sented with appropriate subjoined propositions,
are insufficient to present any question for re-
view.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. INSURANCE (§ 813*)—BENEFIT CERTIFICATE
—ACTIONS—PARTIES.

Where defendant issued a benefit certificate
insuring the life of deceased in favor of her
husband, from whom deceased was divorced, the
husband was a proper, but not a necessary or
indispensable, party in a suit by deceased's
children to recover the amount of the certificate;
and hence plaintiffs were entitled to dismiss
as to the husband if they so desired.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1994; Dec. Dig. § 813.*]

3. APPEAL AND ERROR (§ 544*)—REVIEW—
RECORD—BILL OF EXCEPTIONS—NECESSITY.

An order overruling a plea of privilege,
though noting an exception, is not reviewable
in the absence of a bill of exceptions disclos-
ing the facts on which the court acted.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2412–2415, 2417–2420,
2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

4. APPEAL AND ERROR (§ 500*)—SCOPE OF RE-
VIEW—RULINGS.

An assignment to the overruling of a plea
setting up the pendency of a suit in another
county on the same cause cannot be sustained,
where it does not appear that any action was
taken by the trial court on the plea, and the
transcript does not show any exception with re-
lation thereto.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2295–2298; Dec. Dig. §
500.*]

Appeal from District Court, Harris Coun-
ty; Chas. E. Ashe, Judge.

Action by Willis W. Lawson and others
against the United Benevolent Association
of Texas. Judgment for plaintiffs, and de-
fendant appeals. Affirmed.

Morris Rector, of Ft. Worth, for appellant.
Ward & Ward, of Houston, for appellees.

HIGGINS, J. Appellant issued its benefit
certificate insuring the life of Margaret E.
Lawson in favor of her husband, James W.
Lawson. The parties were afterwards di-
vorced, and on August 21, 1912, Mrs. Lawson
died. This is a suit by her children to re-
cover of the insurer the amount of the cer-
tificate.

[1] The first assignment is that the ver-
dict is contrary to the law; the second is
that the verdict and judgment are not sup-

ported by the evidence. They are submit-
ted as propositions. Under the former prac-
tice, assignments complaining ·of the insuf-
ficiency of the evidence or that the judgment
was contrary to the law were required to
particularize and point out in what respect
the evidence was insufficient or the judg-
ment contrary to the law. Possibly this·
rule as to the sufficiency of such an assign-
ment has been changed by Acts of 1913, Reg.
Session, p. 276. But it does not alter Rule 30
of the Courts of Civil Appeal (142 S. W. xiii),
which requires that each point under each
assignment shall be stated as a proposition
unless the assignment itself sufficiently dis-
closes the same. Assignments of such gen-
eral nature as those indicated do not dis-
close the point, and in such case the points
in the assignment must be presented by ap-
propriate subjoined propositions. Since the·
assignments themselves do not disclose the
point, they cannot be treated as propositions,
and for failure to support same by appro-
priate propositions, they are not entitled to·
consideration and will not be considered.

[2] Plaintiffs originally made James W.
Lawson a party defendant and thereafter en-
tered a dismissal as to him. He was a prop-·
er but not an indispensable or necessary
party. Plaintiffs had a right to dismiss as to·
James W. Lawson, if they saw fit to do so.
Such dismissal did not in any wise affect ap-
pellant's right, by cross-action against him,
to have had him retained as a party and the·
conflicting claims of the parties, if any, ad-
judicated. By proper and timely action ap-·
pellant could have preserved this right. If·
it did not do so, it was its own fault. The
third assignment, which complains of plain-
tiff's dismissal as to James W. Lawson, is·
therefore overruled.

[3] The fourth assignment complains of the·
overruling of a plea of privilege. The order·
overruling the same notes an exception there-
to, but there is no bill of exception disclos-·
ing the facts upon which the court acted, and
in the absence thereof the matter cannot be·
reviewed.

The fifth assignment is submitted as a
proposition. As such it is insufficient be-
cause it does not disclose the point or reason
why it is contended the court erred in the
action to which the assignment relates. For·
this reason it ·will not be considered.

[4] The sixth assignment complains of the·
action of the court in overruling a plea set-
ting up the pendency of a suit in Tarrant
county based upon the same certificate upon·
which the present suit is based. Our atten-
tion is not called to any action of the court
upon such plea, nor of any exception in rela-
tion thereto, and our examination of the tran-
script does not disclose any. In this condi-·
tion of the record the assignment of necessity·
must be. overruled.

The petition is not subject to a general de-

murrer as is contended under the seventh assignment. Hatch v. Hatch, 35 Tex. Civ. App. 373, 80 S. W. 411; Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189. Lawson and Bransford were not indispensable parties, for which reason the eighth assignment is overruled.

The ninth and tenth assignments are not supported by statements as the rules require and are not considered.

The eleventh assignment is submitted as a proposition. As such it is multifarious. Neither is it supported by such statement as the rules require. It is not considered.

Affirmed.