JONES et al. v. HOLMES et al.   (No. 7363.)

(Court of Civil Appeals of Texas. Galveston. April 12, 1917. Rehearing Denied April 26, 1917.)

1. INSURANCE ⊜⟿770 — FRATERNAL BENEFIT INSURANCE.

Under Rev. St. 1911, art. 4832, regulating fraternal beneficiary associations, and the rules of the Endowment of Colored Knights of Pythias

of Texas, an aged, infirm, and childless member, separated from his wife, and dependent on one not a relative for support, may designate the person supporting him as beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1933, 1937.]

2. APPEAL AND ERROR ⊜⟿742(1)—BRIEFS—ASSIGNMENTS OF ERROR.

Assignments of error not followed by a statement from the record, as required by the rules for the Court of Civil Appeals, are not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

3. INSURANCE ⊜⟿784(6)—FRATERNAL BENEFIT INSURANCE — CHANGE OF BENEFICIARY — FORM.

Failure of a member to comply strictly with the laws of a fraternal benefit association in making change in the beneficiary of his certificate can be asserted only by the association.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1954.]

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by Cassie Holmes against Grand Lodge Colored Knights of Pythias of Texas and another, in which Walter Willis intervened. Judgment for plaintiff, and defendant Emma Jones and intervener appeal. Affirmed.

O. S. York, of Galveston, for appellants. Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee Cassie Holmes against the Grand Lodge Colored Knights of Pythias of Texas and appellant Emma Jones, to recover upon a benefit certificate for the sum of $500 life insurance and $75 funeral expenses, issued by said lodge to Emile Jones, deceased. After alleging the names and residences of the parties, the membership of the deceased in appellee lodge, and the issuance of the benefit certificate, the petition contains the following allegations:

"That the said Emile Jones, now deceased, was, during his lifetime, the lawful husband of the defendant Emma Jones, and that said Emma Jones and said Emile Jones were living separate and apart from each other, and had been for several years. That during the last three years of the life of said Emile Jones he was aged and infirm and incapable of supporting and maintaining himself, and without any means of support, and that this plaintiff cared for, maintained, and supported the said Emile Jones for more than three years prior to his said death, and that said Emile Jones depended upon this plaintiff for his care, maintenance, and support. That on April 12, 1912, the said Emile Jones caused the name of the beneficiary in said benefit certificate to be changed, and named this plaintiff, Cassie Holmes as the beneficiary. That the said Emile Jones died in Galveston, Galveston county, Texas, on November 29, 1915, and at the time of his said death he was a member in good standing in said fraternal order, and that the defendant Grand Lodge Colored Knights of Pythias of Texas did not pay the aforesaid sum of seventy-five dollars toward the said funeral expenses. That by the terms of the constitution and by-laws of the defendant Grand Lodge Colored

Knights of Pythias of Texas this plaintiff became entitled to the amount of said policy and funeral benefits, said constitution and by-laws reading as follows:

" 'Laws Governing the Endowment Department.

" 'Chapter I.

" 'Sec. 4. A husband separated from his wife, but not divorced, may designate some one or more persons, other than the wife, his beneficiary, provided the beneficiary so designated, to the exclusion of the wife, shall be his child or children if such there be. If there be no child or children, and he be aged and infirm, he may designate as his beneficiary the person or persons upon whom he depends for support.
* * * '

"That said Emile Jones during his lifetime was living separate and apart from his said wife, and was without any child or children, and was dependent upon this plaintiff and was aged and infirm. That the defendant Emma Jones is claiming said sum of money due under said policy of insurance, and that the said Grand Lodge Colored Knights of Pythias of Texas have refused to pay this plaintiff or said Emma Jones the amount of said policy and funeral benefits. Wherefore plaintiff prays that the defendants Grand Lodge Knights of Pythias of Texas and Emma Jones be cited to appear and answer this suit, and that on final trial hereof that this plaintiff have judgment for said sum of five hundred and seventy-five dollars, and for general relief, with costs of suit."

The defendant lodge answered by general demurrer, special exception, and general denial; and further answered that it was advised and believed that two or more persons were claiming to be the beneficiaries in said certificate; that this defendant had no interest in the matter, and would deposit the amount named in the certificate in court to abide the judgment of the court.

The answer of defendant Emma Jones denied generally and specially the allegations of plaintiff's petition above set out, and avers that if there was a change in the beneficiary named in the certificate, as alleged in the petition, "it was through fraud on the part of the said Cassie Holmes." The answer further avers that for some time prior to his death Emile Jones was mentally deranged, and was confined in the county jail most of the time from shortly after the issuance of the certificate until February 25, 1914, when he was adjudged a lunatic, and was thereafter kept in the jail until just before his death, when he was removed to the city hospital, where he died.

Walter Willis, a nephew of the deceased, with leave of the court, intervened in the suit, and alleged that he was one of the original beneficiaries named in the certificate with Emma Jones, and prayed "with Emma Jones that Cassie Holmes take nothing in this suit, and that he and Emma Jones have judgment against the Grand Lodge of Colored Knights of Pythias et al. and Cassie Holmes for the amount sued for."

The trial of the cause in the court below without a jury resulted in a judgment in favor of appellee Cassie Holmes. The defendant Emma Jones and the intervener Walter Willis prosecute this appeal.

The first and second assignments of error assail the judgment on the ground that it appears from the allegations of the petition and the undisputed evidence that plaintiff Cassie Holmes had no insurable interest in the life of the deceased, and therefore was not entitled to recover upon said benefit certificate. The proposition under these assignments is as follows:

"Under a fraternal policy a person not related to the insured within the degree allowed by the statutes or who was not dependent upon the insurer cannot become a beneficiary."

The allegations of the petition before set out and the undisputed evidence show that plaintiff is not related to the deceased Emile Jones, and was not dependent upon him for support. There is, however, evidence sufficient to sustain the finding that at the time plaintiff was made beneficiary of the certificate, and continuously thereafter until the death of the deceased, he was mainly dependent upon her for care, attention, and support, and that he and his wife were separated and lived apart from each other during all of said time.

[1] The evidence shows that the deceased Emile Jones had no child. Section 4, c. 1, Laws Governing the Endowment of Colored Knights of Pythias of Texas, is as follows:

"Sec. 4. A husband separated from his wife, but not divorced, may designate some one or more persons, other than the wife, his beneficiary, provided the beneficiary so designated, to the exclusion of the wife, shall be his child or children, if such there be. If there be no child or children, and he be aged or infirm, he may designate as his beneficiary the person or persons upon whom he depends for support; should he not be aged or infirm, he will only be permitted to name as beneficiaries, other than his wife, the beneficiaries named in section 1 of this article, and in the order therein named to the persons dependent upon him for support."

It is further provided in section 5 of said laws that where a wife is named beneficiary in a policy issued to the husband, and she thereafter abandons him, or, being in sound bodily health, shall fail to care for or minister to her husband and family, the husband may designate some other person as his beneficiary to the exclusion of the wife; and if he has no child or children, and is aged or infirm, he may make the person upon whom he is dependent for support his beneficiary.

Article 4832, Revised Statutes 1911, regulating Fraternal Beneficiary Associations, contains the following provision:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, step-father, step-mother, step-children, children by legal adoption, or a person or persons dependent upon the member; provided, that, if after the issuance of the original certificate the member shall become dependent upon the charity of an individual or of an institution, he shall have the privilege, with the consent of the association, to make such individual or institution his beneficiary. * * *"

It is clear, under these provisions of the laws of the order and the statute, that the assignments cannot be sustained.

[2, 3] The remaining assignments of error presented in appellants' brief are not entitled to consideration because not followed by a statement from the record, as required by the rules for this court. All of these assignments however, only raise questions as to the regularity of the methods pursued by the deceased to have the change made in the beneficiaries of his certificate. The failure of the deceased to strictly comply with the laws of the association in making the change in the beneficiary of the certificate can only be asserted by the association. The provisions of the by-laws which it is contended were not complied with by the deceased were made for the benefit and protection of the association, and the association has not questioned its liability to plaintiff because of such irregularities, and appellants are not entitled to raise such questions. Splawn v. Chew, 60 Tex. 533.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.