## WHITESELLE v. NORTHWESTERN MUT. LIFE INS. CO. (No. 121–2989.)

(Commission of Appeals of Texas, Section B. May 19, 1920.)

1. Insurance ⚖⟐123—Wife's insurable interest in husband's life ceases upon rendition of divorce decree.

On divorce being decreed, wife's insurable interest in her husband's life ceases, and she ceases to be a beneficiary under a policy naming her as such.

2. Husband and wife ⚖⟐265—Community fund not entitled to reimbursement for premiums paid upon insurance.

The use of community funds in payment of premiums for insurance upon the life of one spouse in favor of the other does not, in the absence of fraud, create in the community the right to reimbursement for the funds so used.

3. Divorce ⚖⟐322—Decree dividing property adjudicates all property rights.

If there was any right in the community to reimbursement for premiums paid for insurance upon the life of the husband in favor of the wife, it should have been asserted and determined in a divorce decree which purported to adjudicate all the property rights of the spouses, and could not be asserted by the divorced wife in a subsequent suit.

4. Husband and wife ⚖⟐249—Cash surrender value of insurance policy not community property.

The cash surrender value of a life policy upon the life of the husband in which wife is beneficiary is not community property, and a one-half interest therein does not pass to the wife under a decree of divorce awarding her a half interest in the community property.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Carrie B. Shook against the Northwestern Mutual Life Insurance Company. From a judgment of the Court of Civil Appeals (188 S. W. 22) reversing and rendering a judgment in favor of J. E. Whiteselle, executor of the estate of plaintiff, the latter having died after the suit was brought, the executor brings error. Affirmed.

Richard Mays, of Corsicana, for plaintiff in error.

Locke & Locke, of Dallas, for defendant in error.

McCLENDON, J. Carrie B. Shook sued the Northwestern Mutual Life Insurance Company for the alleged conversion of a policy of insurance issued by it upon the life of her husband, J. O. Shook. The Court of Civil Appeals, Sixth District, reversed and rendered in favor of the insurance company a judgment of the trial court in favor of Whiteselle, executor of the estate of Carrie B. Shook, the latter having died after the suit was brought. 188 S. W. 22.

The question in the case is whether Carrie B. Shook retained any interest in the policy after being divorced from her husband. The pertinent facts follow: J. O. and Mary B. Shook were married September 9, 1886, at which time neither had any property. J. O. Shook was then clerking in a drug store at Corsicana. Later he went into the drug business for himself, and continued therein

up to the time of the divorce. He and his family lived well, and some property was accumulated. At the time of the divorce his property, all of which was purchased with community funds, consisted of stock in a drug corporation and other personal property of small value, a homestead, and several parcels of real estate. The real estate, except the homestead, was by the divorce decree awarded to the wife as having been given her by her husband. The policy in question was issued November 29, 1891, and was made payable to Carrie B. Shook, with no right in J. O. Shook to change the beneficiary without her consent. The policy required the payment of an annual premium of $116 for 20 years. There was no ·cash surrender or loan value provided in the policy, but the testimony showed that it had a cash surrender value at the time of the divorce, ascertainable in accordance with certain mortality tables. All premiums prior to the divorce were paid with community funds. The divorce was granted upon the petition of the wife on December 8, 1908. The divorce decree purported to adjust all property rights of the spouses. After setting aside certain realty and personalty to the wife as her separate estate, it decreed that all other property, including the homestead, .was community property. This decree was appealed from and affirmed. The property was then divided by commissioners, and their report made final. No reference to the policy was made in the decree or report of commissioners.

Plaintiff rests his claim for an interest in the policy upon the following grounds:

(1) That the policy was community personalty, one-half interest in which was by the decree vested in the wife.

(2) That the wife should be reimbursed for one-half of the premiums paid by community funds.

(3) That the cash surrender value of the policy at the time of the divorce was community personalty, which was by the decree vested, as to a one-half interest, in the wife.

We agree with the Court of Civil Appeals in its conclusion that all of these contentions have been by our Supreme Court decided adversely to plaintiff, and are now foreclosed.

[1] That it is contrary to sound public policy, as tending to promote crime, to permit one to be the beneficiary of a life insurance policy who has no insurable interest in the life of the insured, is held by our Texas courts to be the basis of the rule that the beneficiary must have such insurable inter-est. Thus grounded, the reason for the rule is as cogent where an insurable interest, once existing, has terminated, as where no insurable interest ever existed. Price v. Knights of Honor, 68 Tex. 361, 4 S. W. 633; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Mayher v. Insurance Co., 87 Tex. 169, 27 S. W. 124; Hatch v. Hatch, 35 Tex. Civ. App. 373, 80 S. W. 411.

The termination of the relation of husband and wife terminates the insurable interest which each of the spouses has, by virtue of the marital relation, in the life of the other. Schonfield v. Turner; Hatch v. Hatch, supra. Mrs. Shook's insurable interest in her husband's life having ceased upon the rendition of the divorce decree, she ceased to be the beneficiary under the policy as a policy of life insurance, and we think the court was without power, had it in fact attempted to do so, to vest her with such interest.

[2, 3] The use of community funds in payment of premiums for insurance upon the life of one spouse in favor of the other does not, in the absence of fraud, create in the community the right to reimbursement for the funds so used. Martin v. McAllister, 94 Tex. 567, 63 S. W. 624, 56 L. R. A. 585. Right in the community to reimbursement in the present instance is not shown for two reasons: In the first place, if such right had existed, it should have been asserted and determined in the divorce decree which purported to adjudicate all the property rights of the spouses; in the second place, the evidence fails to show any fraud or suspicion of fraud upon the community rights of Mrs. Shook. Indeed, we seriously question whether fraud upon the rights of the wife can be predicated upon the use of community funds to pay premiums where the policy is made payable to her in the event of her husband's death, with no right in the husband to change the beneficiary while the marital tie exists. So long as the policy remained in force during the marriage, Mrs. Shook in her separate right was alone protected by its benefits. We are unable to conceive in what respect her rights in the community estate could be adversely affected by such use of the community funds.

[4] Recovery upon the remaining ground, namely, that the cash surrender value of the policy at the date of the divorce was community property, a one-half interest in which was decreed in the wife, is precluded under the decision in Hatch v. Hatch, above, in which a writ of error was denied. Under the insurance contract, no surrender or loan value existed as a matter of right; and the only contingency upon which liability of any sort could arise by virtue of the terms of the policy was the death of the insured. It was authoritatively decided in Hatch v. Hatch that the surrender value of a policy of this character is not property the ownership of which will be determined by the ownership of the fund from which the premiums are paid; that the existence of such surrender value does not change the character of the contract as being in any sense other than one

purely of insurance; and that the only interest one could have in such a policy would be by virtue of some insurable interest in the life of the insured, as distinguished from a property right in the policy itself.

We conclude that the judgment of the Court of Civil Appeals reversing the judgment of the district court and rendering judgment in favor of defendant in error should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes