## KANSAS CITY LIFE INS. CO. v. ADAMSON et al.

District Court, N. D. Texas, Dallas Division.
March 6, 1928.

No. 3194—452.

1. **Courts** ⊕⟹365(12)—**In ordinary suit involving construction of insurance policy, federal court follows state court's rulings.**

In suit between insurance company and insured, or insurance company and beneficiary, involving construction of contract, federal court is generally bound by state court's rulings.

2. **Courts** ⊕⟹365(3)—**Federal court, in interpleader suit by insurance company under federal statute, held bound by federal rule permitting insured's divorced wife to recover as beneficiary, notwithstanding contrary state rule (Rev. St. Tex. 1925, arts. 5048, 5054).**

In interpleader suit by insurance company under federal statute to determine right to proceeds of life insurance as between insured's administrator and divorced wife, named as beneficiary, court was bound by rule of United States courts, permitting beneficiary to recover, even though interest had at time of policy is subsequently lost, notwithstanding policy was Texas contract, under Rev. St. Tex. 1925, art. 5054, and Texas courts allow divorced wife no interest in policy on her former husband's life, except in so far as she may have paid the premiums; alleged change in Texas rule by article 5048 not being clear.

In Equity. Suit in interpleader by the Kansas City Life Insurance Company against W. N. Adamson and others. On motion to dismiss plea of one of defendant parties. Motion denied.

See, also, 24 F.(2d) 107.

Chas. F. O'Donnell, of Dallas, Tex., for plaintiff.

C. W. Starling, of Dallas, Tex., for the motion.

Touchstone, Wight, Gormley & Price, of Dallas, Tex., opposed.

ATWELL, District Judge. Under the United States interpleader statute, the plaintiff deposited in court an amount due under a policy, which was, at the time of issue, payable to the insured's father. Later, when the insured married, it was so changed as to be payable to the insured's wife. A few years after this last change the couple were divorced, and some time after the divorce the insured died, without having changed the beneficiary.

The policy is a Texas contract. R. S. Tex. 1925, art. 5054; Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 S. Ct. 538, 48 L. Ed. 788; Mutual Life Ins. Co. v. Cohen, 179 U. S. 262, 21 S. Ct. 106, 45 L. Ed. 181; Equitable Life Assur. Soc. v. Clements, 140 U. S. 226, 11 S. Ct. 822, 35 L. Ed. 497;

Langley v. Prudential Ins. Co. of America (D. C.) 271 F. 776. The state statute cited above provides that a foreign company's policy, payable in Texas to a citizen of Texas, when the company is doing business in Texas, is a Texas contract.

The Texas courts hold that it is against the public policy of the state for one not having an insurable interest in the life of the insured to be the owner of insurance on such life. Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Price v. Supreme Lodge, K. of H., 68 Tex. 361, 4 S. W. 633. The highest courts of Texas hold that the divorced wife has no interest in a policy on her former husband's life, except so far as she may have paid the premiums. Hatch v. Hatch, 35 Tex. Civ. App. 373, 80 S. W. 411; Whiteselle v. Northwestern Mutual Life Ins. Co. (Tex. Com. App.) 221 S. W. 575.

The United States have established an entirely different rule. A policy taken out in good faith and valid at its inception is not voided by the cessation of the insurable interest. Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251; Grigsby v. Russell, 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863; Robinson v. U. S. Mutual Association (C. C.) 68 F. 825; American Employers' Liability Co. v. Barr (C. C. A.) 68 F. 873; Fehr v. Cawthon (C. C. A.) 293 F. 152.

Resisting the temptation to follow the reasoning of the Texas cases and of the United States cases, it is sufficient to say that there is no doubt in either jurisdiction that the rule is as stated. Therefore, in the state courts of Texas, the divorced wife may not recover upon a policy which was issued while she was the wife. In the United States courts, the law is that she can recover.

It is insisted by the administrator that this court should follow the Texas rule, because the contract is a Texas contract. Counsel for the former wife contend that this court is not bound by the Texas decisions, for the reason that the question involved is one of general jurisprudence; that there is no controlling Texas statute and that the case must be governed by the general law as evidenced by the national decisions. This position seems to be supported by Grigsby v. Russell, 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863; Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 54 L. Ed. 228;

Washburn Co. v. Reliance Insurance Co., 179 U. S. 1, 21 S. Ct. 1, 45 L. Ed. 49; Ætna Life Ins. Co. v. Moore, 231 U. S. 559, 34 S. Ct. 186, 58 L. Ed. 356; Hawkeye Commercial Men's Assn. v. Christy (C. C. A.) 294 F. 208, 40 A. L. R. 46; Hartford Ins. Co. v. Nance (C. C. A.) 12 F.(2d) 575, Carpenter v. Providence Washington Ins. Co., 16 Pet. 512, 10 L. Ed. 1044.

In the Washburn Case, the policy under scrutiny was a Massachusetts contract, but its construction depended upon a question of general commercial law in respect to which the United States courts are at liberty to exercise their own judgment, and are not bound to accept such decision as in a matter of purely local law. In the Ætna Case the court was considering a Georgia contract, and there was a Georgia Supreme Court case directly against the position taken by the Supreme Court of the United States.

While the wife claims that even Texas has changed its rule, as evidenced by article 5048 of the Revised Statutes of Texas of 1925, which provides that a partner may be the beneficiary in a policy upon the life of any other member of such firm, and by Gibson v. National Life & Accident Ins. Co. (Tex. Civ. App.) 294 S. W. 923, which permits the beneficiary, without insurable interest, to recover as trustee, still neither of these directions is clearly plain, and it is preferable to follow the unmistakable direction of the federal cases.

[1] If this were a suit between the insurance company and the insured, or between the insurance company and some beneficiary, as to the construction of the contract, or if the highest court of Texas had construed a statute of Texas, then I think that this court would be bound by the pointing. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Hudson v. Maryland Casualty Co. (C. C. A.) 22 F.(2d) 791.

[2] But here, by reason of a national statute, a fund is deposited in this court and the parties litigate over that fund in the light of, and with the weapons provided by, the national courts. It is the general rule of the United States courts that, where the beneficiary has an interest at the time of the issuing of the policy, and loses such interest thereafter, such change does not prevent recovery. This court is bound by the rule.

It would be profitless to engage in a discussion as to the danger of permitting a former wife to be liable to pecuniary benefit upon the death of an erstwhile partner. The higher court has spoken, and its voice is law.