## GRAND LODGE, COLORED KNIGHTS OF PYTHIAS OF TEXAS v. BROWN.

### No. 4203.

Court of Civil Appeals of Texas. Texarkana.

Sept. 21, 1932.

Rehearing Denied Oct. 20, 1932.

beneficiary in the policy, if the insured became dependent upon the charity of an individual, he had a right, with the consent of the insurer, to make such individual the beneficiary in the policy. · Article 4832, R. S. 1911.

Such being the law at the time (as alleged) appellee was named beneficiary in the policy, and it appearing in the evidence (appellee asserts) that the insured was dependent upon her charity, appellee insists in support of the judgment that, when the insured died, appellant became bound to pay her the amount of the policy.

It may be conceded the contention should be sustained if it appeared the law remained unchanged at the time of the death of the insured (Jones v. Holmes [Tex. Civ. App.] 195 S. W. 306) but the contrary appeared, instead. The insured died in 1930. The statute in force in 1911 was so amended in 1913 (Gen. Laws, c. 113, p. 220, as amended by Acts 1923, c. 62, art. 4831, R. S. 1925 [again amended by Acts 1929, 2nd Called Sess., c. 16, § 5]) as to take away the right of the insured who was dependent upon the charity of another person to have such person named as beneficiary in the policy issued to him. So, by the law in force at the time the insured died and at the time the trial was had, appellee was not eligible merely because she had bestowed charity on the insured, to take as beneficiary in the policy.

Appellee's further insistence in support of the judgment that, having been named beneficiary at a time when it was lawful, because of the insured's dependency on her, to so name her, she could not be deprived of rights so conferred upon her by a change as stated above in the law, must be overruled. Hatch v. Hatch, 35 Tex. Civ. App. 373, 80 S. W. 411; Northwestern Mut. Life Ins. Co. v. Whiteselle (Tex. Civ. App.) 188 S. W. 22; Whiteselle v. Northwestern Mut. Life Ins. Co. (Tex. Com. App.) 221 S. W. 575; Kansas City Life Ins. Co. v. Adamson (D. C.) 24 F.(2d) 712. In some jurisdictions the rule is as claimed by appellant [Wellhouse v. United Paper Co. (C. C. A.) 29 F.(2d) 886; Reilly v. Penn Mut. Life Ins. Co., 201 Iowa, 555, 207 N. W. 583], but, as we understand the holdings in the Texas cases cited above, and others, the rule is to the contrary in this state. Nor can the contention that the judgment is supportable on the doctrine of waiver and estoppel be sustained. It is held that doctrine "is not applicable to a case where the defense is based on the claimant's want of insurable interest." Barton v. Mercantile Ins. Co., 127 Kan. 271, 273 P. 408, 409, and authorities there cited.

As shown in the statement above, appellee alleged in a supplemental petition that she was named beneficiary in the policy for

Lane & Lane, of Marshall, for appellant.

Ben A. Harper, of Atlanta, for appellee.

WILLSON, C. J. (after stating the case as above).

By the terms of the statute in force in 1911, when, it was claimed, appellee's name was substituted for that of her husband as the

the purpose of paying indebtedness the assured owed her, and at the trial as a witness in her own behalf testified that the insured was dependent upon her for support, that she took care of him, and that she paid the premiums chargeable against the policy during twenty or more years immediately preceding the time when the insured died. Meager as the testimony specified was, we are not prepared to say it did not authorize a finding that the insured was indebted to appellee in some amount. It has been held that a creditor has an insurable interest in the life of his debtor to the extent of the indebtedness. American Citizens' Labor & Protective Institution v. Wesley (Tex. Civ. App.) 9 S.W.(2d) 498. However, there was no evidence from which the amount of the indebtedness could be determined. Therefore the judgment in appellee's favor cannot be upheld in the view that she was entitled as a creditor to recover as she did.

Contentions presented in appellant's brief and likely to arise on another trial, not disposed of by what has been said, are overruled.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.

On Motion of Appellee for a Rehearing.

We think the action of this court in overruling the contention that appellee, having been named such at a time when it was lawful for her to be the beneficiary in the policy, could not by a change in the law be deprived of rights she had acquired, has sufficient support in the cases cited in the opinion heretofore filed and in other cases as follows: Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. Rep. 107; Finn v. Met. Life Ins. Co. (Tex. Civ. App.) 16 S.W.(2d) 922; Goldbaum v. Blum, 79 Tex. 638, 15 S. W. 564; Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 7 L. R. A. 189; Shoemaker v. American Nat. Ins. Co. (Tex. Com. App.) 48 S.W.(2d) 612.

But, as was stated in said opinion, we thought it sufficiently appeared that appellee, as a creditor of the insured, had an insurable interest in his life entitling her to claim as the beneficiary named in the policy, and reversed the judgment in her favor only because the amount of the insured's indebtedness to her did not appear in the evidence heard by the trial court. After further consideration of the matter, we have concluded it should be held that the evidence warranted a finding that the agreement between the insured and appellee was that the value of the service rendered and to be rendered by the latter to the former was a sum equal to the amount to become payable to appellee by the terms of the policy at the death of the insured. In that view, the action of this court in reversing the judgment of the trial court for the reason stated was erroneous. As, in the view of this court, the judgment was not invalid on any other ground urged by appellant, it should have been affirmed. Therefore the judgment heretofore rendered here will be set aside, and the judgment of the trial court will be affirmed.