THOS. F. BRYAN, TRUSTEE, v. STURGIS NATIONAL BANK ET AL.

Decided October 18, 1905.

**1.—Bank—Surplus—Undivided Profits.**

Accumulated earnings or surplus funds of a bank constitute a part of its assets, and belong to the corporation until they have been declared and set apart as dividends, and such declaration of dividends is in the discretion of the directors, which will not, in the absence of fraud, be controlled by the courts.

**2.—Same—Bankruptcy—Wife's Separate Property—Bank Stock—Earnings.**

Undivided profits of bank stock, the separate property of the wife, held by the bank as surplus at the time of the husband's bankruptcy, and set apart to her as increased stock and dividends only after the discharge of the husband in bankruptcy, though constituting community property when so set aside, were not recoverable by the trustee in bankruptcy.

Appeal from the District Court of Hill County. Tried below before Hon. Nelson Phillips.

*Wear, Morrow & Smithdeal,* for appellant.—The earnings of Mrs. Boyd's bank stock were community property. Batts' Statutes, art. 2968; Chapman v. Chapman, 11 Texas Civ. App., 396; Kahn v. Kahn, 56 S. W. Rep., 946; Hayden v. McMillan, 23 S. W. Rep., 432; Allen v. Reed, 66 Texas, 21; Conner v. Hawkins, 66 Texas, 641; Seligson v. Staples, 1 Texas Civ. App., 605; Craxton, Wood & Co.

v. Ryan, 3 Texas Civ. App., 439, sec. 367; Blum v. Light, 81 Texas Rep., 421; Moore v. Moore, 57 S. W. Rep., 992; Wofford v. Melton, 63 S. W. Rep., 543; Cloptin v. Pfeiffer, 76 Texas Rep., 472; Epperson v. Jones, 65 Texas Rep., 428; Mitchell v. Mitchell, 80 Texas Rep., 114; Parker v. Fogerty, 23 S. W. Rep., 702; Bradden v. Gose, 57 Texas Rep., 41; Parish v. Williams, 53 S. W. Rep., 79; Payne v. Bently, 21 Texas Rep., 454; Cook on Corporations, sec. 492; Am. and Eng. Ency. of Law, vol. 26, pp. 899 and 901; Fisher v. Cushman, 51 L. R. A., p. 292; Re. Page 59, L. R. A., p. 94.

The accumulated earnings of Mrs. Boyd's bank stock were subject to assignment by her husband. Beaumont Lumber Co. v. Moore, 41 S. W. Rep., 180; Galveston, H. & S. A. Ry. Co. v. Freeman, 57 Texas Rep., 156; Gulf, C. & S. F. Ry. Co. v. Humphries, 23 S. W. Rep., 557; Winn v. Railway, 33 S. W. Rep., 594; Taylor v. Sturges, 68 S. W. Rep., 538.

The accumulated earnings of Mrs. Boyd's bank stock, being community property and subject to assignment by her husband, passed by the bankruptcy proceedings to the trustee in bankruptcy of J. W. Boyd. Collier on Bankruptcy, pp. 465 and 474; Third Nat. Bank Cases, p. 738; Bankruptcy Act of 1898, sec. 70, subdiv. 5; Loveland on Bankruptcy, chap. 16, sec. 168; Brandenberg on Bankruptcy, p. 895; also secs. 1146, 1152, 1155, 1184.

The assignment of the interest of the community estate of J. W. Boyd and wife in the accumulated earnings of Mrs. Boyd's bank stock, authorized J. W. Boyd's trustee in bankruptcy to maintain a suit against Mrs. Boyd to establish his interest in such earnings, and to make the bank a party in order that his right when established should be binding on the bank. Cook on Corporations, secs. 552, 560, 546; Brandenberg on Bankruptcy, secs. 1184, 1180 and 1217; In re Madier, 112 Fed. Rep., 138; In re Rooney, 6 Am. B. Repts., 478; Cook on Corporations, secs. 492 and 669; Cook on Corporations, chap. 40; Cattle Co. v. Burnes, 82 Texas Rep., 57; Baker v. Watson, 53 Texas Rep., 156.

When the earnings of the bank which had been assigned to the trustee in bankruptcy were merged into dividends, they belonged to the trustee and he had a right by amending his pleading to demand them, and in lieu thereof their value. Pritchett v. Nashville Trust Co., 36 S. W. Rep., 1063, 33 L. R. A., p. 856; Cook on Stock and Stockholders, sec. 554; Beach on Corporations, sec. 600; Thompson on Corporations, sec. 2192; 9 Am. and Eng. Ency. of Law, p. 679; Smith's Appeal, 21 Atl. Rep., p. 438; Hite v. Hite, 20 S. W. Rep., 780; Cook on Corporations, chap. 33, secs. 552-5560.

*Finley, Knight & Harris,* for appellees.—Until a dividend is declared by its board of directors, the accumulated earnings of a corporation constitute a part of its assets, and belong to the corporation and not to the stockholders. Gibbons v. Mahon, 136 U. S., 558; Cook on Corporations, vol. 2, sec. 534; 2 Thompson on Corporations, secs. 2172-3; Halliwell on Stock and Stockholders, sec. 298; Pritchett v. Nashville Trust Co. (Tenn.), 36 S. W. Rep., 1068; Kaufman v. Charlottsville Woolen Mills (Va.), 25 S. E. Rep., 1004; Minot v.

Paine, 99 Mass., 101; Richardson v. Richardson, 75 Me., 570; In re Kenochan, 104 N. Y., 623; Millen v. Guersand, 67 Ga., 284.

It is for the directors of a corporation, and not the shareholders, to determine whether a dividend is to be declared. When, therefore, the directors have exercised their discretion and refusd to declare a dividend, there will be no interference by the courts with their decision, unless they are guilty of wilfully abusing their discretionary powers, or of bad faith or neglect of duty. Cook on Corporations, sec. 545; Thompson on Corp., secs. 2128-9; also see authorities under first proposition above.

A dividend is a corporate profit set aside, declared and ordered by the directors to be paid to the stockholders on demand or at a fixed time, until a dividend is declared such corporate profits belong to the corporation, not to the shareholders, and are liable for the corporate indebtedness. Same authorities.

The law refuses to investigate the question of when a dividend was earned. In contemplation of law, the profits are earned the instant the dividend is declared. Cook on Corporations, vol. 2, sec. 539; Halliwell on Stocks and Stockholders, sec. 318; 2 Thomp. Corp., sec. 2172; Hite v. Hite, 20 S. W. Rep. (Ky.), 779; also authorities under first proposition above.

A dividend when declared, becomes a debt due absolutely to the shareholders, to recover which suit may be instituted against the corporation. First Nat. Bank of Texarkana v. DeMorse, 26 S. W. Rep. (Texas), 417; Cook on Corporations, vol. 2, sec. 541. See also authorities under first proposition above.

A banking corporation has a lien upon the dividends declared for the purpose of securing any debt due it by the stockholders. First Nat. Bank of Texarkana v. DeMorse, 26 S. W. Rep., 417; Cook on Corporations, vol. 2, sec. 544; Morse on Banks and Banking, vol. 2, sec. 699-E; Am. and Eng. Ency. of Law, vol. 9, 691; Hager v. Bank, 63 Me., 509.

The stockholders in a corporation are entirely distinct from the corporation itself and may sue or be sued by it, and the assets of the corporation constitute a fund for the payment of its debts. Sayles' Texas Civ. Stats., art. 682; City Nat. Bank v. Cupp & Co., 59 Texas, 270; Henderson v. Railway, 17 Texas, 573; National Bank v. Texas Investment Co., 74 Texas, 437.

KEY, ASSOCIATE JUSTICE.—This suit was instituted by appellant, as trustee in bankruptcy of the estate of James W. Boyd, bankrupt, against James W. Boyd and his wife, the Sturgis National Bank, and the directors of the bank, to recover the interest in said bank's surplus, and undivided profits represented by the stock held in the bank by Mrs. Boyd and earned between the date of her marriage with her co-defendant James W. Boyd, and the date he was adjudged a bankrupt. The plaintiff sued upon the theory that undivided profits of a corporation belong to the stockholders, and that the portion of the profit upon Mrs. Boyd's stock which accrued subsequent to her marriage with James W. Boyd, was community property and subject to the debts of James W. Boyd. The original petition also sought to recover thirty

shares of bank stock, which it was alleged was community property of Boyd and his wife. Thereafter the plaintiff filed an amended petition, omitting his alleged right to recover the thirty shares of stock, and alleged that after filing his original petition, a cash dividend of fifteen percent, and a stock dividend of fifty percent had been declared upon the stock of the bank; and sought to recover Mrs. Boyd's proportion of such dividends.

Boyd and wife filed an answer, containing exceptions, a general denial and plea of coverture for Mrs. Boyd, and a discharge in bankruptcy on behalf of James W. Boyd.

The answer of the bank and its directors embraced exceptions, a general denial and alleged that the portion of the cash dividend belonging to Mrs. Boyd's bank stock, and referred to in appellant's amended petition, has been applied by the bank as a credit upon Mrs. Boyd's indebtedness to it. They also alleged that they had acted in good faith in the transaction, and denied the averments of fraud and collusion, charged in the plaintiff's petition.

After the parties had submitted their testimony, the court instructed a verdict for the defendants, and from a judgment rendered upon the verdict, the plaintiff has appealed.

There is no conflict in the testimony, and the material facts may be summarized as follows: On the 14th day of February, 1900, James W. Boyd and his wife, Florence S. Boyd, were married, and at that time Mrs. Boyd owned 156 shares of stock in the Sturgis National Bank. On the 3d of January, 1903, James W. Boyd filed in the proper court his voluntary petition in bankruptcy; and on the 21st day of that month was adjudged a bankrupt, and regularly discharged. When the petition in bankruptcy was filed, Robert Donald was appointed trustee of the estate, and on March 11, 1903, filed his final report, and on the 23d day of that month was discharged. Thereafter, in June, 1903, Thomas F. Bryan was appointed trustee, and authorized to institute this suit. For each of the years 1900 and 1901, the Sturgis National Bank paid a dividend of $9,000. For the year 1902, the net profits of the bank were $10,015.01, but no dividend was declared during that year. On the 22d day of January, 1903, the surplus and undivided profits of the bank amounted to $32,653. Of this sum $18,338 was earned after the marriage of Boyd and his wife and before he was adjudged a bankrupt. On December 31, 1903, the bank declared a dividend of 15 percent, of which $2,340 was apportioned to Mrs. Boyd, and which was applied by the bank as a credit on her indebtedness to it. At the time Boyd and his wife married, the capital stock of the bank was $60,000, divided into 600 shares of $100 each. On February 12, 1904, the capital stock was increased to $100,000, divided into 1,000 shares of $100 each, of which $30,000 was declared as a 50 percent stock dividend, Mrs. Boyd's interest therein being 78 additional shares, which, together with her original 156 shares, she still owns and holds. The stock was and is still worth $120 per share. The failure of the bank to declare a dividend in December, 1902, was not on account of any collusion with either of the Boyds, nor for any fraudulent or wrongful purpose, but, owing to heavy demands and light deposits, the board of directors of

the bank did not deem it advisable to declare a dividend at that time. On December 31, 1903, James W. Boyd owed the bank $3,000 or $4,000, and Mrs. Boyd owed it $4,000 or $5,000. In the bankruptcy proceeding, Boyd did not list any property, and only one creditor, the Citizens National Bank of Hillsboro, proved up a claim against the estate, which claim is still unsatisfied.

*Opinion.*—On the foregoing facts appellant contends that he was entitled to a recovery, and that the court erred in instructing a verdict against him. By the terms of the bankruptcy statute enacted by the Federal Congress, it is provided that the trustee in bankruptcy shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except as to exempt property, (1) as to all documents relating to his property; (2) interests in patents, patent rights, copyrights and trademarks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him.

It is claimed on behalf of appellant that the fifth and last subdivision of this statute is broad enough to uphold the right asserted by him in this case. After much consideration, this court has reached a different conclusion.

The accumulated earnings or surplus funds of a corporation constitute a part of its assets, and belong to the corporation and not to the stockholders, until they have been declared and set apart as dividends. (2 Thompson Corp., secs. 2126, 2127; Gibbons v. Mahon, 136 U. S., 558.)

It is also well settled that the declaration of dividends rests in the discretion of the directors or other governing body of the corporation, and that such discretion will not, in the absence of fraud, be controlled by the courts. In view of these well settled principles of law, we think it must be held in this case that the accumulated profits held by the bank when Boyd was declared a bankrupt, were not the property of either of the Boyds, but belonged to the bank. Therefore, at that time, neither Mrs. Boyd's stock in the bank nor the accumulated profits owned and held by the bank were property, within the meaning of the bankruptcy statute, which could have been levied upon and sold under judicial process against James W. Boyd, or which he himself could have transferred. The dividends thereafter declared, and which it is now sought to reach and subject to the payment of James W. Boyd's debt, had no existence and were not property within the meaning of the statute at the time he was declared a bankrupt and discharged from liability as to former indebtedness.

It is not denied that dividends earned by the separate property of either spouse become community property when such dividends are declared; but such community title, nor any other title to the dividends, can not exist until after such dividends have been brought into existence, by a declaration to that effect, by the governing body of the corporation. It is not believed that the term "property," as used

in the bankruptcy statute was intended to cover every contingent right vested by law in the bankrupt, and which might in the future result in pecuniary benefit to him. For instance, the expectancy of an heir is based upon the right of inheritance, and, under certain circumstances, it may be sold or encumbered by the heir; but will anyone contend, or is it reasonable to suppose, that it was the purpose of the statute under consideration to deprive any bankrupt of his right of inheritance and vest that right in the trustee to be sold and applied to the payment of debts. It is no answer to this illustration to say that the heir can not transfer his expectancy without the consent of the ancestor, because, while such may be the general rule, there are exceptions to it, one of which is when the ancestor is insane. (Hale v. Hollon, 90 Texas, 427.)

The strongest cases cited by appellant are Fisher v. Cushman, 103 Fed. Rep., 860, 51 Law Rep. Ann., 292, and Re Page 107, Fed. Rep., 89; 59 Law Rep. Ann., 94. In the first case referred to it was held that a liquor license, which is by law transferrable to any person satisfactory to a board of police commissioners, is property within the meaning of the bankruptcy statute, and passes to the trustee for the benefit of creditors. In the second case it was held that a seat in a stock exchange owned by one who has no unsettled contracts with or claims against him in favor of other members, under which circumstances the rules of exchange permits a sale of the seat, is within the scope of the statute referred to, vests in the trustee and may be sold for the payment of the debts of the bankrupt.

Those cases are not regarded as analogous, because the license and the seat in the stock exchange were in existence and the bankrupts had full title thereto at the time when they were declared bankrupts. Also in those cases stress was laid upon the fact that the license and seat in the exchange were purchased with the funds of the bankrupt. In the case at bar, the dividends in controversy were not in existence when Boyd was declared a bankrupt, and the bank stock which produced them was not paid for by him, but belonged to his wife prior to their marriage. His title to the dividends results solely from a statute, which declares "that all property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, shall be deemed common property of the husband and wife." Title derived from such a source can not antedate the acquisition of the property; and as the dividends in question were not acquired until after Boyd had been declared a bankrupt, the trustee in bankruptcy was not vested with title thereto.

It is well settled in this State that progeny of female live stock, the separate property of one spouse, is community property; but it has been held that the levy of an execution against the husband upon cows, the separate property of the wife, did not create a lien upon the calves thereafter born, although the cows were pregnant at the time of the levy. (Blum v. Light, 81 Texas, 421.) The reason underlying that case has application to this. In both cases it may have been reasonably certain that in the near future there would be such an increase of separate property as, under the statute quoted, would become community property; but such increase not being in existence

at the time of the alleged inception of community title, such title did not then exist.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.