## HARR et al. v. PIONEER MECHANICAL CORPORATION.

District Court, S. D. New York.
Nov. 18, 1932.

See, also, 1 F. Supp. 294.

Albert M. Lee, of New York City, for plaintiffs.

Cotton, Franklin, Wright & Gordon, of New York City (Paxton Blair, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The plaintiffs have applied for a preliminary injunction, and the defendant has made a counter motion to dismiss the bill as insufficient on its face. According to the amended bill, the plaintiffs are holders of a substantial block of preferred stock of the defendant which under the certificate of incorporation was entitled to cumulative dividends at the annual rate of $4 per share out of the surplus or net profits of the corporation. The certificate provided further: "Said dividends on the said preferred stock shall be cumulative, so that if the corporation shall fail in any fiscal year to pay such dividends on all of the issued and outstanding preferred stock, such deficiency in the dividends shall be fully paid, but without interest, before any dividends shall be paid or set apart on the common shares." By March 24, 1932, seven quarterly dividends on the preferred had been passed, so that the sum of $7 a share had accrued to the holders of the cumulative preferred stock.

On March 24, 1932, the stockholders held a meeting to consider amendments to the certificate of incorporation, pursuant to the Delaware law. The amendments proposed were adopted, and an amended certificate was accordingly filed in the proper public office in Delaware. By the amendments a new prior preference stock was created. New preferred stock and new common stock, to be given in exchange for the old, were also authorized. In addition to many changes operative for the future, as to which the plaintiffs make no complaint, one effect of the amendments was to abolish the right of the preferred stockholders to receive the dividends accrued and unpaid on their stock. The plaintiffs did not consent to the amendments. The defendant is offering the new prior preference stock on the representation that it is entitled to dividends before any back dividends on the old preferred stock are paid. The bill further shows that, although the defendant is a Delaware corporation, the office where all of its business is done is in New York City. In fact, it has no other place of business.

The relief demanded is a declaratory judgment to the effect that the holders of the old preferred stock are entitled to the unpaid cumulative dividends before any dividends may be paid on the new prior prefer-

ence or on the common stock and before any payment on winding up or redemption can be made to other stockholders. The plaintiffs also demand that the defendant be enjoined from further sale of the prior preference stock on the representation that such stock is entitled to priority as to dividends and assets over the unpaid cumulative dividends on the old preferred stock, a representation said to be untrue and likely to involve the corporation in costly litigation and in loss.

The suit was brought in the New York Supreme Court and was removed to this court by the defendant for diversity of citizenship. A motion was made to remand the case on the ground that this court had no jurisdiction to entertain a suit for declaratory judgment. Judge Woolsey denied the motion ([D. C.] 1 F. Supp. 294), pointing out that the plaintiffs seek more than a mere declaration of their rights, and that the suit in its injunctive feature is not beyond the jurisdiction of the court as a court of equity. The situation then is that the court may not pass upon the rights of the plaintiffs against the common stockholders, for to do so would be equivalent to the issuance of a declaratory judgment, but it may pass upon the rights of the plaintiffs against the holders of the new prior preference stock, since the propriety of an injunction turns upon a determination of these rights. In other words, the question whether the stockholders can wipe out altogether the back dividends on the old cumulative preferred stock by adopting an amendment to the charter is not properly before the court; but the question whether they may subordinate such back dividends to dividends on new prior preference stock is properly raised and is before the court for decision.

As a preliminary point against maintenance of the suit, the defendant contends that the court in the exercise of its discretion should decline to take jurisdiction of the case because of the rule against interfering in the internal affairs of a foreign corporation. The argument is not impressive. The plaintiffs' position is that they have a contract with the corporation concerning their back dividends which is not being respected by the corporation. They do not ask the court to substitute its judgment for that of the directors; indeed no question of corporate management or discretion is raised. The case does not involve any interference in the management of the corporate affairs. Travis v. Knox Terpezone Co., 215 N. Y. 259,

109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387. Cf. Wabash Railway Co. v. Barclay, 280 U. S. 197, 50 S. Ct. 106, 74 L. Ed. 368, 67 A. L. R. 762. A further consideration against the defendant's argument is that the business and property of the corporation are here in this district. This is the only place where it carries on business. It is a foreign corporation only in the strict legal sense. Richardson v. Clinton Wall Trunk Mfg. Co., 181 Mass. 580, 64 N. E. 400; Corry v. Barre Granite & Quarry Co., 91 Vt. 413, 101 A. 38; Cunliffe v. Consumers' Association, 280 Pa. 263, 124 A. 501, 32 A. L. R. 1348. The defendant relies strongly on the recent decision of the Circuit Court of Appeals in Rogers v. Guaranty Trust Co., 60 F.(2d) 114. That case, however, if in point at all, is an authority against the defendant. The court did not decline to take jurisdiction; on the contrary, it took jurisdiction and went into the merits. There being no sound reason for declining jurisdiction, I will pass to the substantive matters alleged in the bill.

The plaintiffs' rights are of course to be determined by the law of Delaware. It is quite clear that in Delaware a corporation, by vote of a majority in interest of the stockholders of each class, may so amend its charter that the dividends on newly created prior preferred stock will have priority over dividends theretofore accrued on cumulative preferred stock. This was decided in Morris v. American Public Utilities Co., 14 Del. Ch. 136, 122 A. 696. See, also, Penington v. Commonwealth Hotel Construction Corporation, 17 Del. Ch. 394, 155 A. 514, 75 A. L. R. 1136, a decision of the Supreme Court of Delaware.

In the Morris Case, supra, the situation was substantially the same as that shown by the bill in this case. A corporation had issued cumulative preferred stock and was in arrears on several dividends on this stock. An amendment of the charter was passed whereby new classes of prior preferred stock were authorized and the back dividends on the cumulative preferred stock were canceled. Objecting holders of the preferred stock brought suit for a declaration of their rights and also for an injunction against the threatened payment of dividends on the new prior preferred stocks. The chancellor declared that, as against the common stockholders, the holders of the cumulative preferred stock had a right to have the accrued and unpaid dividends paid, which right could not be taken from them by amendment of the charter. He pointed out that the right to the back dividends had become a present vested right by the passage of the agreed time, and was more than a mere "preference" which could be changed by amendment under the Delaware statute. But he also held that the corporation could by means of an amendment of its charter create stock senior to the cumulative preferred, the dividends on which new stock would take precedence over the back dividends. The issuance of new prior preferred stock and payment of dividends thereon, it was said, did not violate any rights secured to the preferred stockholders in their contract with the corporation. The injunction against the payment of dividends on the prior preferred stock was accordingly refused.

The plaintiffs then have no just grievance over the issuance of the prior preference stock or over the payment of dividends on such stock ahead of the back dividends on their stock. The representation made by the defendant and complained of in the bill, to the effect that the new prior preference stock is entitled to dividends before any back dividends on the old preferred stock are paid, appears to be a true statement. As already observed, the bill cannot be entertained except as to its injunctive aspect, and, since the bill shows on its face that the plaintiffs are not entitled to the injunction asked for, it must be dismissed.

The plaintiffs' motion for preliminary injunction will be denied. The defendant's cross-motion to dismiss the bill will be granted.