## JOURNEAY v. JOURNEAY.
### No. 9300.

Court of Civil Appeals of Texas.
San Antonio.

March 21, 1934.

Rehearing Denied April 18, 1934.

T. H. Ridgeway, of San Antonio, and James G. Donovan, of Houston, for appellant.

Bliss & Daffan, of San Antonio, for appellee.

FLY, Chief Justice.

This is a suit instituted by appellee against the Manhattan Life Insurance Company, to recover $390.42, being the amount due upon a paid-up policy of life insurance upon the life of her divorced husband, William O. Journeay. The heirs of deceased were made parties to the suit to determine their interest in said insurance policy. The amount due on the policy was paid into the registry of the court by the insurance company, and it was discharged from the suit. Appellant filed a cross-action claiming the fund by virtue of a bill of sale from deceased, also as an heir of deceased, and by virtue of assignments from the other heirs of deceased. Appellee alleged that she had paid out of her separate means all the premiums on said insurance policy, amounting to more than the sum of money due on the policy. Appellant pleaded that appellee's claim was barred by the statute of limitations, and that the judgment in the divorce suit barred appellee's right to recover.

The case was tried before the court without a jury, and judgment rendered awarding the fund on deposit in the registry of the court to appellee.

■ The first proposition assails the right of appellee to swear to the facts connected with her payment of the insurance premiums out of her separate property, on the ground that she was testifying to a transaction between her and her deceased husband.

The facts show that the husband had forsaken the wife and was not in communication with her. She had no dealings with him in connection with the payment of the premiums. The policy was one in which she was made beneficiary, and in his absence and without his knowledge or consent she paid the premiums in order to keep the policy alive. After she had paid the premiums for quite a length of time, she applied for and obtained from the insurance company a paid-up policy, and this suit was really instituted by appellee to recover on the paid-up policy in order that she might be reimbursed for the premiums advanced. She had no transaction or conversation with her husband, and the first proposition is without foundation and will be overruled.

The second proposition is to the effect that appellee had paid the premiums to the insurance company without having consulted with her husband and without having obtained his consent thereto, and in short that she had no right or authority to keep the policy alive. It will be noted that the assertions in this proposition are in direct conflict with the matters set out in the first proposition. The facts show that appellee paid the premiums to the company to protect her interest during the marital relationship between her and her husband, and no premiums were paid after the divorce was granted. Her money had been paid to the company for years, her husband being unable to pay the premiums, and she has the right to be reimbursed for these fees before any one else can claim the right to the proceeds of the policy. Hatch v. Hatch, 35 Tex. Civ. App. 373, 80 S. W. 411. She had kept the policy alive, and justice would demand that she be reimbursed for the outlay of her money before any one else could receive a share of the amount of the policy. The second proposition is overruled.

The third, fourth, and fifth propositions are also overruled, the case above cited being directly adverse to the claim of appellant. The divorce did not reimburse appellee for the premiums advanced, and upon no principle of reason or justice could she be denied a recovery of money invested in the policy by reason of the divorce from her husband. She is claiming nothing except a recovery of her own money.

The suit for the recovery of premiums paid by appellee was not barred by limitation. The cause of action did not arise until the death of her husband. The sixth proposition is overruled.

The judgment is affirmed.